UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Olugbenga Johnson Olufemi,

        Plaintiff,          Case No. 23-10386

v.          Judith E. Levy
         United States District Judge

City of Detroit
& Lajoel Wasson,          Mag. Judge David R. Grand

        Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT CITY OF DETROIT'S SECOND MOTION TO DISMISS [13]**

*Pro se* Plaintiff Olugbenga Johnson Olufemi brings this suit under 42 U.S.C. § 1983 against Defendants City of Detroit and Detroit Police Officer Lajoel Wasson.[1] Plaintiff alleges that Officer Wasson violated his First, Second, and Fourth Amendment Rights when Wasson and another officer arrested him, searched his house, and confiscated a firearm. (ECF No. 12, PageID.64, 67.) Plaintiff also alleges that the "city of Detroit failed to investigate" his complaints against the officers, did not

---

[1] Plaintiff also brought suit against Detroit Police Officer Arreona Mitchell, but voluntarily dismissed Mitchell from the case. (*See* ECF No. 19, PageID.115.)

"dissociate themselves from the officers['] misconduct," and "is accustomed to disregarding citizen[']s complaints regarding police misconduct[]." (*Id.* at PageID.64.)

Before the Court is Defendant City of Detroit's second motion to dismiss. (ECF No. 13.) The motion is fully briefed. (ECF Nos. 15, 16.) For the reasons set forth below, the City of Detroit's second motion to dismiss is GRANTED.

## I. Background

On February 20, 2020, Plaintiff hired Mr. Freeman to paint a property in Detroit. (ECF No. 12, PageID.67.) Plaintiff alleges that Mr. Freeman became intoxicated during the job and that Plaintiff told Mr. Freeman to leave. (*Id.*) Mr. Freeman allegedly asked for money, which Plaintiff refused to pay, and Mr. Freeman threatened to call 911 and tell them that Plaintiff had beaten him, kicked him, and threatened him with a gun, and that Plaintiff did drugs. (*Id.*) Plaintiff alleges that Mr. Freeman called 911, but hung up after Plaintiff offered to give him some money for transportation. (*Id.*) However, there was further argument about money, which resulted in Mr. Freeman calling 911 again. (*Id.*)

2

After officers Wasson and Mitchell arrived, Plaintiff alleges that Mr. Freeman "told the officer more than once that the actual reason why he called 911 was because he wanted me to give him money." (*Id.*) Plaintiff states that "[t]he officer prompted Mr. Freeman to reiterate his earlier false claims of being assaulted," which Mr. Freeman did. (*Id.*) Plaintiff explained his side of the dispute to the officers, but they arrested him. (*Id.*) Plaintiff claims that the officers told him during the arrest that "[Plaintiff] wouldn't be prosecuted and that they were arresting [him] for questioning." (*Id.*) Plaintiff also states that the officers searched the property and confiscated a legally owned firearm, that he was held at the Detroit Detention Center for two days without charge, and that he was denied medical treatment and an opportunity to communicate with his family, an attorney, or a priest. (*Id.*)

Plaintiff alleges that he filed officer misconduct complaints at various federal, state, and city offices, and that only the Department of Justice responded to him. (*Id.*) He alleges damages due to pain and suffering, trauma, and other issues attributable to his arrest and imprisonment. (*Id.* at PageID.68.)

## II. Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. Analysis

Plaintiff's amended complaint indicates that he is bringing a § 1983 *Monell* claim against the City of Detroit. (ECF No. 12, PageID.67 (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (2018)).)

4

Local governments, such as municipalities, may be sued under § 1983. *Monell*, 436 U.S. at 658–59.

### A. Plaintiff has not alleged a federal or Constitutional violation.

Plaintiff claims that the City's alleged custom of ignoring citizen complaints of police misconduct violated his rights.[2] However, Plaintiff has not alleged a federal or Constitutional right that was violated by this alleged custom.[3]

Plaintiff claims that the City did not investigate his police misconduct complaint for over two years. (ECF No. 12, PageID.67.)

---

[2] The City states that "[t]he only unconstitutional policy Plaintiff is claiming [against the City] is that 'the City of Detroit is accustomed to disregarding citizen complaints regarding police misconduct.'" (ECF No. 13, PageID.71.) Plaintiff does not point to any other unconstitutional policies or customs in his response. (ECF No. 15.)

[3] The City argues that "there is no constitutional right to an investigation" and that Plaintiff "has no protected property interest in his citizen complaint being investigated or acted upon." (ECF No. 13, PageID.78.) "A government benefit is not protected by the [C]onstitution 'if government officials may grant or deny it in their discretion.'" (*Id.* at PageID.78 (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)).) Plaintiff does not provide any caselaw showing that he has a constitutional right to a police misconduct investigation by the City. (ECF No. 12.)

The Court has been unable to find a case that supports such a right. *See Robinson v. City of Wichita*, No. 22-3051-SAC, 2022 WL 1500651, at *5–6 (D. Kan. May 12, 2022) (collecting cases). Further, Plaintiff has not provided any evidence that the City's investigation is not discretionary.

5

Further, Plaintiff alleges that the City "is accustomed to disregarding citizen[']s complaints regarding police misconduct[]." (*Id.*) In his opposition to the City's motion to dismiss, Plaintiff notes that the City's Inspector General "seized 2 years of closed complaints [against city police officers] . . . as part of an ongoing probe." (ECF No. 15, PageID.92.) Plaintiff alleges that the "[s]eized files included backlogged [] complaints that were filed between 2020 and 2022" and that his complaints were filed during that period of time. (*Id.*) It is the Court's understanding that Plaintiff claims there is a custom of ignoring or not investing these complaints.

"To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." *Nichols v. Wayne Cnty.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017)). Plaintiff broadly alleges First, Second, and Fourth Amendment violations (ECF No. 12, PageID.64), but none of these Constitutional provisions are implicated by the City's alleged failure to "acknowledge a

complaint" and "conduct an investigation regarding police misconduct." (ECF No. 15, PageID.92.)

The First Amendment guarantees the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. However, the "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Second Amendment, which describes the right to keep and bear arms, cannot give rise to Plaintiff's claim against the City. Finally, the Fourth Amendment secures the right of people "against unreasonable searches and seizures," U.S. Const. amend. IV, but cannot be construed as a right to require the government to conduct a search or investigation.

Although *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94, the Court "cannot create a claim which a plaintiff has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (internal quotation marks omitted)). Plaintiff does not identify a specific Constitutional or federal statutory right that was violated when

7

the City did not investigate his complaint. Because Plaintiff has not alleged the deprivation of a right from the Constitution or federal law, Plaintiff has not stated a plausible claim for relief under § 1983 against the City and his case against the City must be dismissed.

### B. Plaintiff has not alleged that the City's custom caused his Constitutional rights to be violated by the officers.

To the extent that Plaintiff seeks to subject the City to § 1983 liability for the actions of officers Wasson and Mitchell, that claim fails. Municipalities may not be held liable under § 1983 merely because its employee committed a wrongdoing. *D'Ambrosio v. Marino*, 747 F.3d 378, 388–89 (6th Cir. 2014). When a plaintiff's claim is premised on the municipality's disregard of employee wrongdoing, the plaintiff must show:

> (1) the existence of a clear and persistent pattern of violating federal rights . . . ; (2) notice or constructive notice on the part of defendants; (3) the defendants' tacit approval of the unconstitutional conduct, such that their deliberate indifference in failing to act can be said to amount to an official policy of inaction; and (4) that the defendants' custom was the "moving force," or direct causal link for the constitutional deprivation.

*Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007); *see also Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir.

8

2010) (Plaintiff "must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of plaintiff's rights." (citation omitted)).

Plaintiff alleges that his First, Second, and Fourth Amendment rights were violated when the officers arrested him, searched his house, and confiscated his firearm. (ECF No. 12, PageID.64.)

Plaintiff has not stated a plausible claim to relief under § 1983 against the City because Plaintiff has not alleged that the City's policy or custom was "the 'moving force,' or direct causal link for the constitutional deprivation." *Powers*, 501 F.3d at 607. "Traditional tort concepts of causation inform the causation inquiry on a § 1983 claim." *Id.* at 608 (citing *McKinley v. City of Mansfield,* 404 F.3d 418, 438 (6th Cir. 2005)). Thus, Plaintiff must allege that the City's policy or custom was the cause in fact and the proximate cause of his mistreatment by the Detroit Police Officers. *Id.*

Plaintiff has not alleged a municipal policy or custom that caused his mistreatment by the officers. The only policy or custom Plaintiff has alleged is that the City has a custom of ignoring citizen complaints of police misconduct. Plaintiff does not allege that this custom caused his

9

mistreatment by the officers. Instead, he alleges that an investigation could have led to outcomes after this incident, such as the officers being disciplined or being retrained. (ECF No. 15, PageID.91 ("A thorough investigation regarding Police misconduct would have led to accountability, perhaps Police retraining or imposition of other disciplinary actions against the officers involved . . . . Failure to investigate citizen[']s complaints creates a loophole for officers and their employer to elude accountability and liability.").) The Court understands Plaintiff's argument about the importance of thorough and responsive police misconduct investigations. However, the Court must dismiss the City of Detroit because Plaintiff has not pled the elements of a *Monell* claim.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the City of Detroit's second motion to dismiss.

IT IS SO ORDERED.

Dated: December 19, 2023    s/Judith E. Levy
    Ann Arbor, Michigan    JUDITH E. LEVY
                                 United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 19, 2023.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager