# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Olugbenga Johnson Olufemi,

        Plaintiff,        Case No. 23-10386

v.        Judith E. Levy
        United States District Judge

City of Detroit, *et al.*,

        Mag. Judge David R. Grand

        Defendants.

_____/

## ORDER VACATING CLERK'S ENTRY OF DEFAULT [23] AND DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [24]

*Pro se* Plaintiff Olugbenga Johnson Olufemi brings this suit under 42 U.S.C. § 1983 against Lajoel Wasson.[1] Plaintiff alleges that Wasson violated his First, Second, and Fourth Amendment Rights when Wasson and another officer arrested him, searched his house, and confiscated a firearm. (ECF No. 12, PageID.64, 67.)

Plaintiff filed the complaint on February 14, 2023. (ECF No. 1.) Plaintiff states that he served Wasson by certified mail. (ECF No. 21,

---

[1] Plaintiff also brought suit against the City of Detroit and Arreona Mitchell, but they are dismissed from the case. (*See* ECF Nos. 19, 22.)

PageID.124.) The certified mail receipt indicates that the summons were sent via certified mail, and the receipt is signed by "Marilyn Wasson" on April 8, 2023. (ECF No. 9, PageID.53.) Wasson's answer was due on May 1, 2023, but Wasson never made an appearance in the case. Plaintiff obtained a clerk's entry of default on December 27, 2023. (ECF No. 23.) On January 26, 2024, Plaintiff filed a motion for entry of default judgment. (ECF No. 24.)

However, Wasson was not served properly and, as a result, the Clerk's entry of default must be set aside.

Procedurally, "[i]n order to render a valid judgment, a court must have jurisdiction over the subject matter and the parties, and must act in a manner consistent with due process." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. Therefore, if service was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2004).

Federal Rule of Civil Procedure 4(e) describes the requirements for "serving an individual within a judicial district of the United States"

2

when waiver of service is not executed. Fed. R. Civ. P. 4(e). There is no indication on the record that Plaintiff obtained waiver of service for Wasson.

Federal Rule of Civil Procedure 4(e) states that an individual defendant may be served by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> **(2)** doing any of the following:
> > **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> > **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(e)(1) states that service is proper if it follows state law. The relevant state law is Michigan, because that is where the Court is located and where service was made. (ECF No. 9 (serving an address in Romulus, Michigan.))

"In Michigan, the law allows service . . . by sending a copy of the summons and complaint by registered or certified mail, return receipt

requested, with **delivery restricted to the addressee**. Service is made when **the defendant** acknowledges receipt of the mail, and the plaintiff must attach a copy of the return receipt **signed by the defendant** to the proof of service itself." *Colston v. Liebeck*, No. 15-CV-14314, 2016 WL 7484896, at *2 (E.D. Mich. Dec. 7, 2016), *report and recommendation adopted*, No. 15-14314, 2016 WL 7474928 (E.D. Mich. Dec. 29, 2016) (citing Mich. Ct. R. 2.105(A)) (emphasis added).

Michigan law requires that the Defendant acknowledge receipt of the mail. Another person in Defendant's household is not sufficient. *See Payne v. Broadworth*, No. 2:22-CV-12574, 2023 WL 9546646, at *2 (E.D. Mich. Apr. 20, 2023), *report and recommendation adopted*, No. 22-CV-12574, 2024 WL 459052 (E.D. Mich. Feb. 6, 2024) (holding that service is not proper when someone other than the Defendant signs the certified mail green card).

Service was not proper under Michigan law because Defendant, Lajoel Wasson, was not served. Marilyn Wasson signed the receipt. (ECF No. 9, PageID.53.)

The three methods listed under Federal Rule of Civil Procedure 4(e)(2) are also not met here. "[F]ederal courts regularly hold that, unless

state law provides otherwise, Rule 4(e) does not authorize service by mail." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *5 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (collecting cases).

Thus, Wasson has not been properly served and entry of a default judgment is not appropriate. The Clerk's entry of default (ECF No. 23) is VACATED and Plaintiff's motion for default judgment (ECF No. 24) is DENIED AS MOOT.

The hearing for Plaintiff's motion for default judgment on February 29, 2024 at 2:30 p.m. is CANCELLED.

Finally, Plaintiff will be allowed time to properly serve Lajoel Wasson. Plaintiff is encouraged to consult the instructions in the United States District Court Eastern District of Michigan's Service Handbook.[2] Plaintiff must properly serve Lajoel Wasson by **March 16, 2024**.

IT IS SO ORDERED.

Dated: February 15, 2024  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

---

[2] Found at www.mied.uscourts.gov/PDFFiles/Service_Handbook.pdf.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 15, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
