UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Olugbenga Johnson Olufemi,

         Plaintiff,         Case No. 23-10386

v.         Judith E. Levy
         United States District Judge
City of Detroit, *et al.*,

         Mag. Judge David R. Grand
         Defendants.

_____/

## ORDER OF DISMISSAL

On February 14, 2023, Plaintiff Olugbenga Johnson Olufemi filed this suit under 42 U.S.C. § 1983 against Lajoel Wasson.[1] (ECF No. 1.) Plaintiff alleges that Wasson violated his First, Second, and Fourth Amendment Rights when Wasson and another officer arrested him, searched his house, and confiscated a firearm. (ECF No. 12, PageID.64, 67.)

Plaintiff requested an entry of default against Wasson on November 30, 2023, stating he served Wasson by certified mail. (ECF

---

[1] Plaintiff also brought suit against the City of Detroit and Arreona Mitchell, but they are dismissed from the case. (*See* ECF Nos. 19, 22.)

No. 21, PageID.124.) While the certified mail receipt indicates that the summons was sent via certified mail, the receipt was signed by "Marilyn Wasson" on April 8, 2023. (ECF No. 9, PageID.53.) Thus, Wasson had not been properly served under Federal Rule of Civil Procedure 4(e) and Michigan law. (*See* ECF No. 26.) On February 15, 2024, the Court vacated the Clerk's Entry of Default, denied Plaintiff's motion for default judgment, and ordered Plaintiff to properly serve Wasson by March 16, 2024. (*Id.*) Plaintiff did not file any evidence that he had served Wasson.[2] On April 8, 2024, the Court ordered Plaintiff to show cause in writing by April 19, 2024, why the case should not be dismissed for failure to prosecute. (ECF No. 29.) Plaintiff did not respond to the show cause order.

The Court dismisses this case without prejudice against Wasson due to Plaintiff's non-compliance with the Court's show cause order and his failure to demonstrate any effort to serve or prosecute the case against Wasson. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2. When

---

[2] Plaintiff filed a motion to compel discovery from the City of Detroit (ECF No. 27), but the Court denied this motion as the City of Detroit was no longer a party. (ECF No. 29.) Plaintiff has not filed any other documents in this case since the Court's February 15, 2024 order.

2

contemplating the dismissal of a case for failure to prosecute, the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir.

3

2013)). Plaintiff has known since February 15, 2024, that his service of Wasson was not compliant with the Federal and Michigan rules. (ECF No. 26.) Plaintiff missed his deadline to properly serve Wasson, and missed his deadline to show cause as to why the case should not be dismissed for failure to prosecute. (*Id.*; ECF No. 29.) Plaintiff has not complied with the Court's orders and deadlines on multiple occasions and has failed to move this case forward.

The second factor does not favor dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alteration in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). Here, Wasson has not been prejudiced by Plaintiff's conduct because he has not been served with the complaint or appeared in the case.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in

4

dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). Here, the Court previously ordered Plaintiff to "show cause why the case should not be dismissed for failure to prosecute." (ECF No. 29.)

The fourth factor also favors dismissal because the Court considered—and imposed—lesser sanctions prior to this dismissal order. The Court denied Plaintiff's motion for default judgment as to Wasson and vacated the Clerk's entry of default because Wasson was not properly served. (ECF No. 26.) The Court gave Plaintiff additional time to serve Wasson, but Plaintiff missed the deadline and did not respond to the Court's subsequent show cause order. (*See* ECF No. 29.)

In sum, three of the four factors discussed above favor dismissal of the action against Wasson for want of prosecution. Dismissal is appropriate because Plaintiff has failed to comply with the Court's orders. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 25, 2024            s/Judith E. Levy
    Ann Arbor, Michigan       JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2024.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager